IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| VALERIE GONZALES, and | § | |
| MARIA SALAZAR, on behalf of themselves | § | |
| and all others similarly situated | § | |
|     Plaintiffs | § | |
| | § | |
| V. | § | NO. 1:15-CV-956-SS |
| | § | |
| CITY OF AUSTIN | § | |
|     Defendant | § | |

**DEFENDANT'S REPLY TO
PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

COMES NOW, the City of Austin, and files Defendant's Reply to Plaintiff's Response to Defendant's Motion to Dismiss, and respectfully shows as follows:[1]

**I.
Introduction**

Plaintiff alleges that the "City jails poor people solely because they cannot pay their debts and does so without providing procedural protections," under the 6th and 14th Amendments seeking declaratory and injunctive relief pursuant to 42 U.S.C. §1983. Plaintiff claims that (1) City Council's authority to review decisions of municipal court is irrelevant, (2) municipal court procedures are municipal policies and customs, and (3) municipal judges establish and execute municipal policies and practices. *Response, i.*

As a matter of law, dismissal is warranted for failure to state a claim because a municipality cannot be liable for judicial conduct it lacks the power to require, control, or remedy, even if that conduct parallels or appears entangled with the desires of the municipality.

---

[1] Plaintiff's First Amended Complaint and Response to Defendant's Motion to Dismiss change the style of the case to substitute Karian Harris; however, in conformance with this Court's December 28, 2015 post amendment Order, the style of the case remains unchanged herein. The declarations of former plaintiffs Gonzales and Salazar are not before the Court, having been superseded by amendment. *Response,* p.11.

## II.
## Factual Summary [2]

Plaintiff Karian Harris is a "mother who has been jailed on multiple occasions for failing to pay tickets that she could not afford and who faces the threat of further incarceration for additional tickets." *Response*, p.4. She was arrested for warrants in December 2010 and June 2013 while pregnant, and unnamed municipal judges ordered two weeks and four days respectively in jail, without asking "about her income, her dependents, or other factors bearing on her ability to pay." *1st Amended Complaint*, ¶¶14-20. Plaintiff does not allege that she was wrongly ticketed, or does not owe the fines imposed, and does not allege that municipal judges deny her community service, installment payment plans, or any requests based on indigency, just that they don't ask, and "[i]f the judge had asked, Ms. Harris would have explained that she was not working and could not afford to pay the tickets." *1st Amended Complaint*, ¶21.

Plaintiff has been allowed community service and an installment payment plan in lieu of payment of fines, factual admissions that ability to pay and alternatives to payment were both considered and offered based on a determination of indigency by municipal judges. *1st Amended Complaint*, ¶15. Plaintiff complains that she is at risk of arrest because she cannot afford her payment plan for additional tickets issued. *1st Amended Complaint*, ¶¶24-28.

## III.
## Rule 12(b)(6)

The plaintiff must plead sufficient facts to state a claim for relief that is facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

---

[2] While an amended pleading generally operates to moot any pending motions to dismiss, an exception exists where a pending motion "attacks the original complaint for deficiencies that persist in the amended complaint." *People's Choice Home Loan, Inc. v. Mora*, No. 3:06-cv-1709-G, 2007 WL 120006, at *12 (N.D. Tex. Jan 18, 2007) (citations omitted). "If some of the defects raised in the original motion remain in the new pleading, the court may simply consider the motion as being addressed to the amended pleading." Charles A. Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure 1476 (3d ed.).

(2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 566 U.S. at 678. Determining plausibility is a "context-specific task,' and must be performed in light of a court's "judicial experience and common sense." *Id.* at 679. This Court is not bound to accept Plaintiff's legal conclusions couched as "Factual Allegations." *Response*, pp.1-4. *Papsan v. Allain*, 478 U.S. 265, 286 (1986). Although all reasonable inferences will be resolved in plaintiff's favor, plaintiff must plead "specific facts, not mere conclusory allegations." *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994).

Although extrinsic materials may not be considered by the court without converting a Rule 12(b)(6) motion to a summary judgment motion, the court may consider public records.[3] *Little Gem Life Sci. LLC v. Orphan Med., Inc.*, 537 F.3d 913, 916 (8th Cir. 2008). Courts may consider the complaint, as well as other sources such as documents incorporated into the complaint by reference, and matters of which a court may take judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

## IV.
## Argument and Authorities

Plaintiff's response alleges that (1) City Council's authority to review decisions of municipal court is irrelevant, (2) Plaintiff has adequately alleged that municipal court's procedures are municipal policies and customs, and (3) Plaintiff has adequately alleged that municipal judges establish and execute municipal policies and practices. Defendant denies the allegations, but even if true, failure to appoint counsel, conduct indigency hearings, offer installment payment plans, or reduce or waive fees altogether fail to state a claim upon which

---

[3] Alpha exhibits cited herein are exhibits submitted with Plaintiff's Response as Exhibits A-D.

relief can be granted. As a matter of law, a city is not liable under Section 1983 because the exercise of judicial functions, unlike administrative functions, cannot be a city policy or custom.

A.  City Council's lack of authority to review decisions of municipal judges is not irrelevant.

Plaintiff's unsupported argument that the scope of City Council authority to review decisions of municipal court is irrelevant is contrary to case law in Texas, the Fifth Circuit, and other circuits relying on cases in this circuit. *Thompson v. City of Austin*, 979 S.W.2d 676, 683 (Tex.App.—Austin 1998) (separation of powers precludes control over municipal judges judicial functions); *Eggar v. City of Livingston*, 40 F.3d 312, 314-15 (9th Cir. 1994) citing *Johnson v. Moore*, 958 F.2d 92, 94 (5th Cir. 1992) ("finding no municipal liability for local judge's sending plaintiff to jail without assistance of counsel because this act was judicial, not administrative"); *Carbalan v. Vaughn* 760 F.2d 662, 665 (5th Cir. 1985) ("stating that a municipality which had no policy regarding a municipal judge's judicial duties cannot be liable even if municipal judge erred"); *Bigford v. Taylor*, 834 F.2d 1213, 1222 (5th Cir. 1988) ("stating that a deliberate or mistaken departure from controlling state law does not represent municipal policy").

Plaintiff seeks to distinguish *Thompson* because it was an employment case, but *Deleon* also held "that City is alleged to have an unconstitutional policy as to judicial proceedings does not state a claim." *Deleon v. City of Haltom City*, 106 F.App'x 909 *4 (5th Cir. 2004) (city had no liability under §1983 when municipal judge ordered jail for traffic warrants for no registration and no insurance, judge was not employee of city which had no authority over him). Plaintiff alleges that "Council's power to review decisions of municipal judges is irrelevant, where the Council has conferred final policymaking authority to the Municipal Court," identifying the Presiding Judge and Clerk of Court as policy makers. *Response*, p.7-9. However, "the municipal judge's actions may not be reviewed by any other party," including alleged policy

4

makers. *Thompson,* at 683. Plaintiff points to no grant of authority for the Presiding Judge or Clerk of the Court to set policy on how the municipal judges perform judicial functions, as opposed to administrative functions. To the contrary, City Code expressly limits the Presiding Judge to only **"evaluate the performance of each judge on criteria other than a decision made in a judicial proceeding."** (emphasis added) *City Code,* §2-10-11(B)(10) Exhibit A. The ruling of a municipal judge performing judicial functions is not policy which transforms them into policy makers, and this principle is unchanged by the number of judges contrary to Plaintiff alleging a widespread practice to distinguish the large body of cases so holding as "one-off." *Response,* p.11. *Deleon* (dismissing class action).

Plaintiff relies on three cases in asserting that the "relevant question is whether the constitutional violations described in the complaint are attributable to a municipal policymaker," none of which involve municipal judges or have application here. *Response,* p.7. First, Plaintiff cites to a case about the decision of a city building inspector, arguing that "[policymakers] are not supervised except as to the totality of their performance."]". *Bennett v. City of Slider,* 728 F.2d 762, 769 (5th Cir. 1984). The Austin City Council does not supervise the totality of the performance of municipal judges, or any aspect of their performance, and the Presiding Judge only has oversight over administrative functions under City Code and state statute. Exhibit A. *City Code,* §2-10-11(B)(10); *Tex.Gov'tCode,* §30.00007. Second, Plaintiff cites to a police case, but in Austin the Chief of Police *is* the policy maker for the police department. *Zarnow v. City of Wichita Falls, Tex.,* 614 F.3d 161, 168 (5th Cir. 2010) (claim of unlawful search and seizure of physician's office). Third, Plaintiff cites to a case about a county judge, but a county judge performs many non-judicial functions for which Section 1983 liability may be imposed on the county, but that liability does not extend to "his judicial duties." *Familas Unidas v. Briscoe,* 619

F.2d 391, 404 (5th Cir. 1980) ("under the standards set forth in Monell we hold that Medina County is not susceptible to liability under section 1983 for Judge Decker's issuance of the disclosure demands").

Lack of control over municipal judges is intertwined with their authority under Texas statutes. The Ninth Circuit case Plaintiff relies on cites to numerous Fifth Circuit cases in finding that "Judge Travis' acts and decisions advising indigents of their rights are not administrative or ministerial acts based on the judge's authority as a local official. However, the judge's treatment of indigent defendants was an exercise of judicial discretion drawn from the authority of the state, appealable to higher state courts, and closely analogous to actions found to be outside the scope of municipal liability." *Eggar,* at 314 ("because the City had no control over Judge Travis in his judicial capacity, it had no power to authorize or ratify his conduct and thus could not be responsible for his acts."). The appellate court found that "Judge Travis was performing a state judicial function and not acting as a final decision maker for the City when deciding how or whether to advise the plaintiffs of their rights, and whether to appoint counsel. Relying on *Johnson v. Moore,* the court concluded that 'municipal judge acting in his or her judicial capacity to enforce state law does not act as a municipal official or lawmaker' for purposes of 1983 liability." *Eggar,* at 315 ("even assuming plaintiff's rights were violated, the municipality was not liable because the judge's acts and omissions were performed within his judicial capacity"). "A similar analysis defeats plaintiffs' theory of liability based on policy and custom. Because Judge Travis was functioning as a state judicial officer, his acts and omissions were not part of a city policy or custom. A municipality cannot be liable for judicial conduct it lacks the power to require, control, or remedy, even if that conduct parallels or appears entangled with the desires of the municipality." *Eggar,* at 316.

B.  Municipal Court procedures are not official policies or customs of the City.

Plaintiff asserts that she has adequately alleged that the municipal court's unconstitutional procedures are municipal policies and customs. *Response*, p.10. She submits the Rules of the Municipal Court, and AMC Rules as municipal policy to impose Section 1983 liability on the City, but neither rules control the judicial functions of municipal judges which Plaintiff complains of. (Rule 9.4 "Inability to Pay Fine . . . the court may allow the defendant to pay the fine in installments or discharge the fine by performing community service;" Rule 9.5 "Warrant. If a defendant does not pay the fine, meet all obligations of an installment payment plan, or discharge the fine by performing community service as ordered by the court, a warrant will be issued which will subject the defendant to arrest."). *Response*, p.19. Exhibits B-C.

The Rules of the Municipal Court set forth administrative rules, (i.e., records, decorum, interpreters, weapons, etc.), and mirror City Code, which mirrors criminal statutes. Exhibit B. Plaintiff fails to cite to any provision of the AMC Rules to support her claim of an official policy which controls the judicial functions of municipal judges because the rules merely give guidance to courthouse clerks, not municipal judges.[4] (i.e., settings, data entry, customer service, etc.). Exhibit C. Both sets of rules are authorized by state statute. *Tex.Gov'tCode*, §30.0023.

Plaintiff fails to distinguish cases holding that local government is not liable for judicial decisions under Section 1983. *Johnson*, at 94 ("We have repeatedly held, however, that a municipal judge acting in his or her judicial capacity to enforce state law does not act as a municipal official or lawmaker."); *Burns v. Mayes*, 369 F.App'x 516, 528 (5th Cir. 2010) ("local judge acting in his or her judicial capacity is not considered a local government official whose actions are attributable to the county"); *Burks v Price*, No. 13-746, 2015 WL 3622684 *8

---

[4] "Legal authorities supporting any motion must be cited in the motion." "All motions must state grounds therefor and cite any applicable rule, statue, or other authority, if any, justifying the relief sought." *Local Rules*, Rule CV-7(d)(1).

7

(E.D.Tex. 2014) ("no basis for liability against Rusk County or the City of Henderson for an alleged policy of failing to hold indigency hearings"). *Burks* found that "[p]laintiffs have failed to show the existence of a policy to imprison persons solely because of indigency; furthermore, any such policy of refusing to release incarcerated persons would be made by the judge issuing the commitment order and not the municipality." *Reyna* found a fact issue, but in that case defendants did not dispute that plaintiffs were denied immediate access to charging instruments in violation of the Texas Code of Criminal Procedure. *Reyna v. City of Weslaco*, 944 S.W.2d 657, 663 (Tex.App.—Corpus Christi 1997) (requiring an accused be furnished with a copy of the indictment before trial).

C.  Municipal judges are not policymakers who make official policy for the City.

Plaintiff asserts that she has adequately alleged that municipal judges establish and execute unconstitutional municipal policies and practices, as though each of Austin's twenty-two (22) municipal judges, most of whom are only part time or substitute judges not appointed for a term, each set official policy for the City. *Response*, p.14. Plaintiff falsely alleges that in 2012-13, "the Court refused to waive a single dollar of outstanding debt." *Response*, pp.3&11. In those two years alone, **Austin municipal judges waived or reduced fines in 18,346 cases within their discretion under state statutes.**[5] The court does not have to assume facts as true when plaintiff's allegations are clearly contradicted by extrinsic materials. *Toone v. Wells Fargo Bank*, 716 F.3d 516, 521 (10th Cir. 2013).

Plaintiff argues that "where a municipal judge exercises authority conferred by *municipal law*, as here, the municipality can be held liable," citing to *Singletary*. *Response*, p.16. In that case, the District of Columbia court specifically found the municipal judge analysis inapplicable to the DC Parole Board because it was an "executive entity," not judicial. The court clarified

---

[5] https://www.austintexas.gov/department/municipal-court; Resources – Waiver of Fines and Fees Statistics.

8

that "[t]he Court is not presented with, and makes no decision regarding the District's liability for decisions made by municipal judges. As to that point, however, the Court observes that such a wide array of barriers exist to preclude a potential plaintiff from successfully asserting a Section 1983 claim against a municipality based upon a judicial decision by a municipal judge." *Singletary v. District of Columbia*, 685 F.Supp.2d 81, 92 (2010).

Cases cited by Plaintiff are not in this circuit, and are not municipal judges performing judicial functions. *McMillian v. Monroe Cnty.*, 520 U.S. 781 (1997) (sheriff was policymaker); *Williams v. Butler*, 863 F.2d 1398, 1399 (8th Cir. 1988) (municipal judge performing administrative function discharging employee); *Singletary*, at 92 (parole board revoking parole). The only municipal judge case cited is not a Section 1983 case, highlighting that the proper remedy for Plaintiff's complaint is a writ of habeas corpus. *Ex Parte: Jeff Burks.* Exhibit D.

The cases in this circuit "have repeatedly held, however, that a municipal judge acting is his or her judicial capacity to enforce state law does not act as a municipal official or lawmaker. *See Bigford v. Taylor*, 834 F.2d 1213, 1221-22 (5th Cir.), *cert. denied*, 488 U.S. 851, 109 S.Ct. 135, 102 L.Ed.2d 108 (1988); *Carbalan v. Vaughn*, 760 F.2d 662, 665 (5th Cir.), *cert. denied*, 474 U.S. 1007, 106 S.Ct. 529, 88 L.Ed.2d 461 (1985); *Familias Unidas v. Briscoe*, 619 F.2d 391, 404 (5th Cir. 1980) (distinguishing judge's administrative duties, actions pursuant to which may constitute county policy under *Monell*, from judge's judicial function, in which he or she effectuates state policy by applying state law)." *Johnson*, at *94

D. <u>The plain language of relevant provisions controls under rules of statutory construction.</u>

Plaintiff alleges that the City Code, Rules of Municipal Court and AMC Rules are official policy of the City under which municipal judges "jails poor people solely because they cannot pay their debts and does so without providing the procedural protections," to attribute liability to

the City under Section 1983. Exhibits A-C. First, these are factual and legal conclusions which are not entitled to the assumption of truth. *Iqbal,* 566 U.S. at 679. Second, the allegations are not plausible on their face because by their plain language, the code and rules do not grant policymaking authority to the Presiding Judge, Clerk of the Court, or municipal judges over judicial functions. The rules of statutory construction do not allow the result Plaintiff seeks.

By its plain language, City Code §2-10-11(B)(10) excludes judicial functions of municipal judges from oversight by the Presiding Judge:

> (B) The presiding judge shall: "maintain administrative control and oversight of municipal court judges . . . adopt rules for the orderly trial of a case . . . maintain a central docket for the cases within the municipal court's jurisdiction . . . distribute cases . . . set the work hours . . . schedule and approve vacation . . . assign the duties . . . assign municipal judge to exchange benches . . . assign a substitute judge . . . perform other duties.

Austin's Municipal Court is a municipal court of record under the Texas Government Code which expressly authorizes the creation of the Rules of Municipal Court and AMC Rules:

> §30.00023. Court Rules. (a) . . . The courts may make and enforce all rules of practice and procedure necessary to expedite the trial of cases before the courts that are not inconsistent with law.

By its plain language, the Texas Government Code empowers City Council to appoint a Presiding Judge, and the limited scope of oversight of municipal judges in the statute mirrors the language in City Code:

> §30.00007 Presiding Judge. (a) If there is more than one municipal judge in the municipality, the governing body of the municipality shall appoint one of the judges as the presiding judge. (b) The presiding judge shall: (1) maintain a central docket . . . (2) provide for the distribution of cases . . . (3) request the jurors needed . . . (4) temporarily assign judges or substitute judges . . ., and (5) supervise and control the operation and clerical functions of the administrative department of each court, including the court's personnel, during the proceedings of the court.

By its plain language, City Code §2-10-21 Fines, Alternative Sentencing, and Imprisonment, is permissive, and recognizes the discretion with which municipal judges exercise judicial functions, consistent with state statutes:.

> If a defendant is convicted of an offense, a judge may direct the defendant to pay a fine immediately, at a later date, or in designated installments, or allow the defendant to choose alternative sentencing in lieu of payment of a fine. If a defendant defaults on payment of a fine or fails to comply with alternative sentencing, a judge may imprison the defendant until the fine is paid in full.

By its plain language, the Texas Code of Criminal Procedure empowers City Council to adopt the ordinances complained of:

> Art. 45.203 Collection of Fines, Costs and Special Expenses. (a) The governing body of each municipality shall by ordinance prescribe rules, not inconsistent with any law of this state, as may be proper to enforce the collection of fines imposed by a municipal court. In addition to any other method of enforcement, the municipality may enforce the collection of fines by: . . . (2) imprisonment of the defendant.

> Art. 45.045 Capias Pro Fine. (a) If the defendant is not in custody when the judgement is rendered or of the defendant fails to satisfy the judgment according to its terms, the court may order a capias pro fine issued for the defendant's arrest. The capias pro fine shall state the amount of the judgment and sentence, and command the appropriate peace officer to bring the defendant before the court or place the defendant in jail until the defendant can be brought before the court.

> Art. 45.049 Community Service in Satisfaction of Fine or Costs. (a) A justice or judge may require a defendant who fails to pay a previously assessed fine or costs, or who is determined by the court to have insufficient resources or income to pay a fine or costs, to discharge all or part of the fine or costs by performing community service. A defendant may discharge an obligation to perform community service under this article by paying at any time the fine and costs assessed.

> Art. 45.0491 Waiver of Payment of Fines and Costs for Indigent Defendants and Children. A municipal court, regardless of whether the court is a court of record, or justice court may waive payment of a fine or costs imposed on a defendant who defaults in payment . . .

Plaintiff points to nothing in the Rules of Municipal Court or AMC Rules that is contrary to City Code or state statutes. Conclusory allegations unsupported by facts will not defeat a Rule 12(b)(6) motion. *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993).

## V.
## Summary

It is not plausible that the judicial pronouncements of municipal judges are the official policy of the City because their rulings differ on a case-by-case basis within their discretion under Texas statutes. Plaintiff's admission that she has been allowed installment payment plans, and community service in lieu of payment of fines, establishes that municipal judges have exercised discretion and considered alternatives based on indigency. The 18,346 cases in which municipal judges reduced or waived fines establish that municipal judges have exercised that same discretion with the purported class. Determining plausibility is a "context-specific task,' and must be performed in light of a court's "judicial experience and common sense." *Iqbal*, 566 U.S. at 679. Clearly, there is no official policy under which the City "jails poor people solely because they cannot pay their debts and does so without providing the procedural protections," and Plaintiff's arguments are unsupported by any authority.

The City has no Section 1983 liability for municipal judges performing judicial functions, who have absolute immunity, because the proper remedy for alleging error is by appeal, habeas corpus, a complaint to the State Commission on Judicial Conduct, amending state statutes through the Texas legislature, or voicing concerns to the City's Public Safety Committee that recommends municipal judges, and the City Council that appoints them.

# VI.
# Prayer

WHEREFORE, Defendant prays that its' motion be granted, that all relief requested by Plaintiff be denied, and for attorney's fees and costs, and any additional relief to which it is justly entitled under law or equity.

RESPECTFULLY SUBMITTED,

ANNE L. MORGAN, CITY ATTORNEY
MEGHAN L. RILEY, CHIEF, ITIGATION DIVISION

*Chris Edwards*
CHRIS EDWARDS
Assistant City Attorney
State Bar No. 00789276
ROBIN HARRIS
State Bar No. 24063678
City of Austin-Law Department
P. O. Box 1546
Austin, Texas 78767-1546
Telephone: (512) 974-2419
Facsimile: (512) 974-1311

ATTORNEYS FOR DEFENDANT

# CERTIFICATE OF SERVICE

This is to certify that I served the foregoing on all parties, or their attorneys of record, in compliance with the Federal Rules of Civil Procedure, this 8th day of January, 2016.

**Via e-Service to:**
Rebecca Bernhardt
SBN 24001729
Susanne Pringle
SBN 24083686
Texas Fair Defense Project
510 S. Congress Avenue, Suite 208
Austin, Texas 78704
Telephone: (512) 637-5220
Facsimile: (512) 637-5224

Ranjana Natarajan
SBN 24071013
Trisha Trigilio
SBN 24075179
University of Texas School of Law
Civil Rights Clinic
727 E. Dean Keeton Street
Austin, Texas 78705
Telephone: (512) 232-7222
Facsimile: (512) 232-0800

Joseph S. Grinstein
SBN 24002188
Neal Manne
SBN 12937980
SUSMAN GODFREY LLP
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666

Brian A. Coleman (pro hac vice)
DRINKER BIDDLE & REATH LLP
1500 K Street, N.W.
Washington, D.C. 20005-1209
Telephone: (202) 842-8800
Facsimile: (202) 842-8465

Lindsay B. Orr (pro hac vice)
DRINKER BIDDLE & REATH LLP
222 Delaware Ave., Suite 1410
Wilmington, DE 19801-1621
Telephone: (302) 467-4200
Facsimile: (302) 467-4201

ATTORNEYS FOR PLAINTIFFS

*/s/ Chris Edwards*
CHRIS EDWARDS