UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| KARIAN HARRIS, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF AUSTIN,<br><br>Defendant. | Case No. 1:15-cv-00956-SS |

**PLAINTIFF'S SURREPLY TO DEFENDANT'S MOTION TO DISMISS**

Plaintiff Karian Harris ("Plaintiff") respectfully submits this brief surreply to respond to new arguments raised in the Reply in Support of the Motion to Dismiss filed by Defendant City of Austin ("City").[1]

**New Evidence Cited by the City**

The City argues for the first time that "Austin municipal judges waived or reduced fines in 18,346 cases." Reply at 8; *see also id.* at 12. In support, the City cites a document on its website.[2] This Court should not consider this new data in resolving the instant Motion for several interrelated reasons. First, the City waived use of this data by not citing the data in its Motion. *See Baris v. Sulpicio Lines, Inc.*, 932 F.2d 1540, 1551 (5th Cir. 1991) ("[W]e decline even to consider arguments raised for the first time in a reply brief"). Second, and more importantly, this

---

[1] Plaintiff files this surreply without a motion for leave to file the same, pursuant to the Court's instruction in the Fact Sheet for Judge Sam Sparks, Civil Cases ¶ 32.

[2] https://www.austintexas.gov/sites/default/files/files/Municipal_Court/Waived-Reduced__FY_2012_to_FY_2016_Q1.pdf.

1

Court, in ruling on a Motion to Dismiss, may consider only the Complaint, documents attached thereto, and judicially noticeable facts. *See Scanlan v. Texas A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003) ("In determining whether to grant a motion to dismiss, the district court must not go outside the pleadings and must accept all well-pleaded facts as true, viewing those facts most favorably to the plaintiff."). This new data falls outside that limited sphere. Third, as a practical matter, the cited document contains no source for the data and, therefore, is not verifiable or reliable. Indeed, this data—which was added to the City's website only after the commencement of the instant litigation[3]—is patently unreliable, because it contradicts the data that the City reported to the Texas Office of Court Administration (which Plaintiff relied on in Amended Complaint ¶ 56 and its Response to the Motion). *See* Ex. E. Moreover, contrary to the newly cited data, the Municipal Court has not included any information regarding waivers or reduction of fines in its Annual Reports for fiscal years ending 2014 and 2013.[4] *See* Exs. F, G. In sum, the City has waived reliance on the new data, which, in any event, cannot be considered on a Motion to Dismiss and is unreliable. Accordingly, this Court should disregard this data in ruling on the instant Motion.

---

[3] Attached as Exhibits H and I to this surreply are screenshots of the City of Austin's website that Plaintiff's counsel took on October 23, 2015. There is no link to the data that the City now cites in those screenshots. In contrast, Exhibit J is a screenshot of the same webpage taken on January 11, 2016—which now includes a link to the data at the bottom of the list of "Resources." Moreover, the new document that the City cites purportedly contains information through December 31, 2015, suggesting that it was placed on the website on or after January 1, 2016.

[4] Because of this unreliability, the document is not judicially noticeable. *See* Fed. R. Evid. 803(8) (documents are not public records if the source of the document or other circumstances "indicate a lack of trustworthiness"); Fed. R. Evid. 201(b) (judicial notice appropriate if a fact is "not subject to reasonable dispute" because it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned"); *Scanlan*, 343 F.3d at 537 (refusing to take judicial notice of a document that the defendant—a governmental actor—created for purpose of litigation because the accuracy of the contents was in dispute).

**New Legal Authorities Cited by the City**

The City's Reply also ignores the fact that Plaintiff has alleged that the specific policies and practices at issue in this case were established by the Municipal Court, are contrary to state law, and apply across all cases. *See* Amended Complaint ¶¶ 37–82. Thus, Plaintiff challenges administrative policies of the Court that were not authorized by state law, rather than the exercise of judicial decisionmaking in individual cases. These allegations are sufficient to survive a motion to dismiss.

The City's newly cited cases are not to the contrary. For example, in *Bigford v. Taylor*, 834 F.2d 1213, 1223 (5th Cir. 1988), the Fifth Circuit affirmed a district court's decision after a bench trial that a county could not be held liable for a magistrate judge's enforcement of state law in an individual case. Consistent with the case law cited in Plaintiff's Response, the Fifth Circuit held that the magistrate was not a county policymaker, but was rather enforcing state law, because the magistrate "did not violate state law." *Id.* Moreover, the failure to set a hearing in plaintiff's individual case was not an exercise of policymaking authority, but was rather an exercise of judicial discretion in an individual case. *Id.* Similarly, in *Carbalan v. Vaughn*, 760 F.2d 662, 664 (5th Cir. 1985)—which was also decided on review of a district court decision made following a full trial—the Fifth Circuit held that an individual municipal judge's decision not to accept motor club cards in lieu of cash bail in a single case did not constitute a city policy. *See id.* ("[T]he evidence of 'practice' was the judge's statement [in one case] that he would not take [motor club cards] under any circumstances. There was no other evidence that the issue was a recurring one."). Neither *Carbalan* nor *Bigford* addresses a situation akin to this case—a motion to dismiss in the face of allegations that a municipal policy contrary to state law is consistently applied across hundreds of cases.

The principal motion to dismiss opinion the City cites—*DeLeon v. City of Haltom City*, 106 Fed. App'x 909, 911 (5th Cir. 2004)—is distinguishable. There, the plaintiff challenged only a single municipal judge's decision not to provide an indigency hearing or appoint counsel. The plaintiff did not allege sufficient facts to connect the actions of the single judge to a municipal policy. Accordingly, the Fifth Circuit held that it could not find the municipality liable for "judicial policy for *a* municipal judge." *Id.* (emphasis added). The City's confusing argument that *DeLeon* is a dismissal of a class action—and on that basis, that the Court need not consider the allegation that several municipal judges are acting in the same manner—is simply wrong. Reply at 5. *DeLeon* was not an appeal of the dismissal a class action, as the Fifth Circuit expressly noted in its opinion. 106 Fed. App'x at 911 n.4 ("DeLeon's class allegations were . . . dismissed by the district court because DeLeon failed to move for certification of a class within ninety days of filing her complaint. DeLeon does not challenge this dismissal on appeal."). More importantly, the question whether several municipal judges are acting in the same manner bears on municipal liability regardless of whether Plaintiff's claim is on an individual or classwide basis.

Finally, the City's argument at Page 12 of its Reply that "Plaintiff points to nothing in the Rules of Municipal Court or AMC Rules that is contrary to City Code or state statutes" is contradicted by the allegations in the Amended Complaint. Specifically, Plaintiff cites Rules 9.4 and 9.5 of the Austin Municipal Court Rules, which set forth the procedures for individuals who are unable to pay fines but do not authorize waiver of the fines, ability-to-pay hearings, or appointment of counsel. *See* Amended Complaint ¶ 80. Moreover, Plaintiff specifically alleges that the City's challenged practices contravene particular provisions of state law. *Id*. ¶¶ 69, 75, 81. The City's citations, at Pages 9–11 of its Reply, are to state statutes authorizing the City of

Austin to create a municipal court, the Municipal Court to make rules, and imprisonment of those who fail to pay fines. These statutes are irrelevant. Plaintiff does not challenge the City's authority to create the Municipal Court, the Municipal Court's authority to make rules, or the Municipal Court's authority in general to imprison individuals who willfully refuse to pay fines. Plaintiff's challenges are to the City's practices and policies that fail to provide indigent individuals with adequate procedural protections prior to jailing them for failure to pay fines and fees. These practices are contrary to state laws—Tex. Crim. Proc. Code Ann. art. 45.046 (West); Tex. Crim. Proc. Code Ann. art. 1.051 (Vernon)—that the City completely ignores in its Reply.

For the foregoing reasons and the reasons set forth in Plaintiff's Response, the Court should disregard the new data cited in the City's Reply and deny its Motion to Dismiss.

By: */s/ Joseph S. Grinstein*
Rebecca Bernhardt
Texas Bar No. 24001729
Susanne Pringle
Texas Bar No. 24083686
Texas Fair Defense Project
510 S. Congress Ave., Suite 208
Austin, TX 78704
(512) 637-5220 (t)
(512) 637-5224 (f)
rbernhardt@fairdefense.org
springle@fairdefense.org

Ranjana Natarajan
Texas Bar No. 24071013
Trisha Trigilio
Texas Bar No. 24075179
University of Texas School of Law
Civil Rights Clinic
727 East Dean Keeton Street
Austin, TX 78705
Tel: 512-232-7222
Fax: 512-232-0800
rnatarajan@law.utexas.edu
ttrigilio@law.utexas.edu

Joseph S. Grinstein
Texas Bar No. 24002188
Neal Manne
Texas Bar No. 12937980
SUSMAN GODFREY LLP
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666
jgrinstein@susmangodfrey.com
nmanne@susmangodfrey.com

Brian A. Coleman (*pro hac vice*)
DRINKER BIDDLE & REATH LLP
1500 K Street, N.W.
Washington, D.C. 20005-1209
Telephone: (202) 842-8800
Facsimile: (202) 842-8465
Brian.Coleman@dbr.com

Lindsay B. Orr (*pro hac vice*)
DRINKER BIDDLE & REATH LLP
222 Delaware Ave., Suite 1410
Wilmington, DE 19801-1621
Telephone: (302) 467-4200
Facsimile: (302) 467-4201
Lindsay.Orr@dbr.com

**CERTIFICATE OF SERVICE**

I hereby certify that on January 11, 2016, the foregoing *Plaintiff's Surreply to Defendant's Motion to Dismiss* was electronically filed with the Clerk of the Court using the CM/ECF system and served on all attorney(s) and/or parties of record, via the CM/ECF service and/or via electronic mail.

                                                     */s/ Joseph S. Grinstein*